**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Concert Investor, LLC,
1209 Ashwood Ave
Nashville, TN 37212

          Plaintiff,

   v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

          Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Concert Investor, LLC ("Concert Investor"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1.     This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program

to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. In early spring 2020, the COVID-19 pandemic, as well as associated restrictions regarding live entertainment, halted Concert Investor's business. As a live performing arts organization operator, the company suffered a 94 percent loss in revenue in 2020 as compared to revenues in 2019. Concert Investor requires an SVOG award to sustain operations—exactly the purpose of the SVOG Program.

4. Concert Investor demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both Concert Investor's application and its appeal, giving no reason for the initial denial and providing only a conclusory statement with the appeal denial that fails to explain the agency's reasoning.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Concert Investor demonstrated that it is an eligible live performing arts organization operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Concert Investor's application.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9.      Plaintiff Concert Investor, LLC, a Tennessee corporation, is a company specializing in the custom design and production of live concerts and preforming artist tours.

10.      Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grow businesses.

11.      Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

**BACKGROUND**

**A.      Shuttered Venue Operators Grant Program**

12.      The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

13.      SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

14.      An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019 or, if it began operations after January 1, 2019, in an amount equal to its average 2019 monthly gross earned revenue multiplied by 6, up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).

15.      Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the

original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

16. Eligible entities under the Act include live performing arts organization operators, as well as theatrical producers, live venue operators and promoters, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18. The Act defines live performing arts organization operator to include an entity that as a principal business activity organizes, promotes, produces or hosts "live concerts" for which there is a ticketed cover charge, performers are paid, and not less than 70 percent of revenue of the entity is generated through "production fees or production reimbursements". 15 U.S.C. § 9009a(a)(3)(A)(i).

19.     The Act specifies that for a live performing arts organization operator (as well as a live venue operator, live venue promoter, or theatrical producer) to be eligible, it must have additional characteristics.  It must put on events with a defined performance and audience space; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.      Concert Investor's SVOG Application and the SBA's Denial**

20.     On April 26, 2021, Concert Investor applied for a SVOG award of $4,946,650.35.

21.     In its application, Concert Investor demonstrated that it satisfied the eligibility criteria for a SVOG award. Concert Investor demonstrated that its losses in 2020 exceeded the 25% statutory threshold by submitting its federal tax returns for 2019 and 2020.  It submitted invoices between performing artists and Concert Investor for production reimbursements as well as documentation showing that it met the other application criteria. Concert Investor also provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22.     On July 10, 2021, Concert Investor learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found Concert Investor ineligible.

23.     On August 13, 2021, Concert Investor submitted an administrative appeal of the denial to the SBA in which it changed its eligibility category to live performing arts organization operator from theatrical producer, as permitted by the SBA's procedures.

24. Concert Investor's application and appeal explained in detail and with supporting documentation how the company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for a live preforming arts organization operator. Concert Investor's supporting documentation included photographs of the Company's productions depicting lighting and sound systems, detailed stage design plans (including lighting plots, speaker stacks, and video walls), and a venue floorplan designating seating for audience members and stages for performers. Concert Investor also supplied invoices with numerous live performing artists for production reimbursements, as well as invoices for engagements between Concert Investor and individuals for various roles, including stage manager, sound engineer, lighting technician, and video crew chief. Concert Investor similarly supplied evidence depicting media materials (providing tour dates and ticket links), venue promoters, event dates, and ticket releases, prices, and gross. In 2019, every venue that Concert Investor operated in was a professional music venue with a public address system, sound mixing equipment, a box office manager, and security personnel.

25. That SBA has approved SVOG awards for Concert Investor's direct competitors and other similarly situated entities that produce and design elements of and/or entire live concerts, like The Relay Group ($509,598 and $304,277 (supplemental)), Matt Davenport Productions ($756,666 and $425,083 (supplemental)), Andy Reuter ($124,623 and $72,728 (supplemental)), SRae Productions ($278,165), and Silent House Productions ($2,751,170) further evidences Concert Investor's eligibility.

26. On August 25, 2021, Concert Investor received notice from SBA that their appeal was denied. SBA provided no explanation for the decision: "[y]our appeal of your SVOG application decision is denied based on the additional and/or updated information you provided."

27.    On September 3, 2021, Concert Investor received an email from SBA indicating SBA was conducting "a more comprehensive evaluation of the applications for those, including yours, who already had an appeal decision….to ensure we are making every effort to determine your eligibility and potential for an SVOG."

28.    On November 2, 2021, the SBA again notified Concert Investor by email that its appeal remained denied.  The SBA provided a conclusory statement with the appeal denial that fails to explain the agency's reasoning: "[a]pplications were declined for one or more of the reasons provided below….Your application was declined, at least in part, based on numbers 10 and 11." "Number 10" in the SBA's list provides only limited information: "[d]id not meet the principal business activity standard for the entity type under which applied."  "Number 11" similarly lacks explanation: "[d]id not meet one or more of the eligibility criteria specific to the entity type under which applied."  SBA also included in the denial that the email "may not be a comprehensive list of reasons for your decline", directed Concert Investor to fill out a form to obtain "additional information", and added that "[t]he SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete."

29.    The SBA's denial of Concert Investor's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

30.    The courts recognize a strong presumption favoring judicial review of administrative action.

31.    The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

7

32. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

33. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

34. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

35. Concert Investor realleges and incorporates by reference each of the preceding paragraphs and allegations.

36. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Concert Investor's application, and provided only a conclusory decision that does not explain the agency's reasoning when it denied Concert Investor's appeal.

37. Indeed, the SBA's decision on Concert Investor's application conflicts with the evidence of Concert Investor's eligibility that it presented to SBA in its application and in its appeal.

38. The SBA further erred by treating Concert Investor disparately from competitors and similarly situated businesses that were granted SVOG awards. The SBA approved awards of more than $5 million to competitors of and similar entities to Concert Investor. In fact, SBA awarded over $2.7 million to live performing arts organization operator Silent House Productions, a self-described "design and production agency" and direct competitor of Concert Investor, as both businesses offer overlapping services such as design, production, and lighting for live concerts. Such disparate treatment only further hinders Concert Investor's ability to compete in the

marketplace and adds additional injury to a company aiming to recover from a 94 percent pandemic-imposed drop in revenue.

39.     For each of these reasons, the SBA's denial of Concert Investor's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

40.     Concert Investor realleges and incorporates by reference each of the preceding paragraphs and allegations.

41.     Concert Investor satisfies the Act's general eligibility criteria for a SVOG award and specific eligibility criteria for an award as a live preforming arts organization operator.

42.     The SBA's denial of Concert Investor's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

43.     Concert Investor realleges and incorporates by reference each of the preceding paragraphs and allegations.

44.     The SBA's denial of Concert Investor's SVOG award request is supported by no evidence in the record, let alone substantial evidence.  Concert Investor's application and appeal presented evidence which demonstrates Concert Investor's eligibility for a SVOG award.

45.     The SBA's denial of Concert Investor's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, Concert Investor respectfully requests that this Court:

1.     Declare unlawful and set aside Defendants' denial of Concert Investor's SVOG award request.

2.      Preliminarily and permanently order Defendants to consider Concert Investor's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.      Preliminarily and permanently order Defendants to award Concert Investor $4,946,650.35 in SVOG funds.

4.      Preliminarily and permanently order Defendants to grant Concert Investor a supplemental SVOG award of $2,473,325.175.

5.      Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6.      Award Plaintiff its costs and reasonable attorney fees; and

7.      Grant such other and further relief as the Court deems just and proper.

Dated: December 1, 2021                              Respectfully submitted,

                                                     /s/ Caroline L. Wolverton
                                                     _____
                                                     Angela B. Styles
                                                     D.C. Bar No. 448397
                                                     Caroline L. Wolverton
                                                     D.C. Bar No. 496433
                                                     Michael William Fires
                                                     D.C. Bar. No. 1644614
                                                     AKIN GUMP STRAUSS HAUER & FELD LLP
                                                     2001 K Street, N.W.
                                                     Washington, DC 20006
                                                     (202) 887-4000

                                                     *Counsel for Plaintiff Concert Investor, LLC*